## PHELPS *vs.* PLATT and others.

An order made in an action brought by the plaintiff as a judgment and execution creditor, to set aside an alleged transfer of partnership property, for fraud, directed that the defendant produce for the inspection, examination and copying of the plaintiff, *all* the books and papers of the defendant's intestate containing partnership accounts, and also *all* papers, letters, &c., made or signed by the intestate, after a certain date. The affidavit for the discovery neither specified, nor referred to, any particular entry, or to any particular paper ; nor did it state any fact or circumstance to show the materiality or necessity of an inspection of all the books and papers. *Held* that the order was too sweeping and general, and the same was reversed.

*Held, also,* that the plaintiff not being the representative of the deceased partner, but making such decedent's representatives parties defendants, the order could not be justified on the ground that a partner, or his representative, has a right to an inspection of all the copartnership books and papers.

The affidavit for a production and discovery should be made by the plaintiff; or, if made by the attorney, some reason should be shown for his making it.

APPEAL from an order for the production and discovery of books and papers, in an action brought by the plaintiff, as a judgment and execution creditor, to set aside a transfer of property, for fraud.

*By the Court,* SUTHERLAND, J. I think the order appealed from should be reversed, with costs. The order is too sweeping and general. It is, that the defendant George W. Platt produce for the inspection, examination and copying of the plaintiff, *all* the books and papers containing the partnership accounts, and also *all* papers, letters, &c., made or signed by Nathan C. Platt, after a certain date. It is evident from the pleadings and affidavit on which the order was made, that the purpose of the plaintiff or of his attorney was to discover a cause of action, not to discover particular entries or papers which the plaintiff or his attorney had reasonable grounds for thinking were existing within the defendant Geo. W. Platt's control, to show the fraud alleged in the complaint. The affidavit for the discovery neither specifies, nor refers to, any particular entry, or to any particular paper, nor does it

state any fact, or circumstance, to show the materiality or necessity of an inspection of all these books and papers.

The action is brought by the plaintiff as a judgment and execution creditor, to set aside an alleged transfer of property, for fraud. The purpose of the discovery proceeding was, to have all the books, papers, &c., produced, so that the plaintiff or his attorney might see whether he could not find some entry, so far tending to show the fraud as to authorize proceeding to trial. I think this was asking far more than could be legitimately granted.

The plaintiff is not the representative of Nathan C. Platt, the deceased partner. He makes the representatives' of Nathan C. Platt parties defendants. The order therefore cannot be justified on the ground that a partner, or his representative, has a right to an inspection of all the partnership books and papers.

It is not alleged in the complaint that the real estate described therein was partnership property. It would be quite consistent with the complaint to infer that it was the individual property of Nathan C. Platt.

In no view of the complaint can it be said that the action is for the adjustment or settlement of partnership affairs or accounts.

In addition to what has been said, I would say that the affidavit for the discovery should have been made by the plaintiff, or some reason shown for the attorney making it.

I repeat, that I think the order should be reversed, with costs.

[NEW YORK GENERAL TERM, June 7, 1869. *Geo. G. Barnard, Cardozo* and *Sutherland,* Justices.]